IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DENNIS D. SCOTT, :
:
      Plaintiff, :
:
vs. : 7:04-CV-36(HL)
:
CHERYL LEWIS, :
:
      Defendant. :

## RECOMMENDATION

Plaintiff has filed what the court will consider to be an ex parte motion (prior to service of the complaint upon the defendant) for preliminary injunctive relief, "by and through these courts to ensure proper medical treatment for future times." (Document # 17). A reading of plaintiff's motion leads one to two separate and distinct conclusions. First, plaintiff is presently dissatisfied with the medical treatment he is receiving for gunshot wounds he received when taken into custody by law enforcement personnel (plaintiff maintains that he has a .40 caliber projectile remaining in his right thigh causing him pain along with several bullet fragments that also cause him pain - Document # 17, pp. 1 - 2). Second, the plaintiff wants the court to order the projectile to be surgically removed so that it may be used by him as evidence in his other pending case against the law enforcement officer(s) involved in shooting him. "This bullet is one of the key ingredients to proving the plaintiff was shot at point blank range. . . . Please order this surgery and order the projectile to be taken in as evidence and turn it over to a ballistics and forensic expert." (Document # 17, p. 3).

     In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the

injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motions reveals no basis for the issuance of injunctive relief. The plaintiff has not established that he will suffer irreparable injury in the absence of injunctive relief or that no other relief is available to address his alleged injuries. Plaintiff has also failed to show that there is a substantial likelihood that he will prevail on the merits.  Accordingly it is the **RECOMMENDATION** of the undersigned that plaintiff's motion for injunctive relief by **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 17th day of March 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE