IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DENNIS D. SCOTT, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 04-CV-36 (HL) |
| SHIRLEY LEWIS, Owner/Operator, Secured Health Care Service, | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff filed this action in April 2004, raising challenges to the conditions of his confinement and allegations of deliberate indifference to his medical condition while confined at the Lowndes County Detention Center between June 28, 2002 and December 11, 2004. Although the court notes that the plaintiff is represented by counsel herein, the undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. The plaintiff has responded to the defendant's motion with his affidavit and a brief.

*Background*

According to the plaintiff's complaint, he was transferred to the Lowndes County Detention Center on or about June 28, 2002, with gunshot wounds in both legs and buttock that were inflicted by law enforcement officers during the plaintiff's attempt to evade arrest. The plaintiff maintains that once he arrived at the Lowndes County Detention Center, defendant Shirley Lewis, in her capacity as owner of Secure Health Care Services, "ordered her charges

and staff to withhold all medications and treatment for my wounds for extended periods of time, sometimes not changing my bandages or dressings from seven-7 to ten-10 days, thereby causing infectious bacteria to multiply, resulting in severe physical pain and discomfort and herrendous [sic] mental anguish on my person." Plaintiff's Statement of Claim. Plaintiff further contends that Lewis prohibited her staff from bathing him and from assisting him with his meal trays, which the plaintiff contends he could not reach from his bed. The plaintiff alleges that he was unable to retrieve the trays due to his inability to walk and the defendant's alleged refusal to provide any sort of walking aid, so that he was unable to eat until he "was strong enough to crawl so that I could reach my meal trays and nourish myself." Plaintiff's Statement of Claim.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party

may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56 (e).

In the brief supporting her motion for summary judgment, the defendant makes reference to and relies upon her affidavit and the plaintiff's medical records, arguing that the plaintiff received adequate medical care while confined at the Lowndes County Detention Center.

According to defendant Lewis' affidavit, she is a registered nurse and owner and operator of Secured Health Care Services, Inc., which provided healthcare services to inmates at the Lowndes County Jail during the time period in question. The plaintiff's medical records, submitted by defendant Lewis in support of her motion for summary judgment, establish that the plaintiff was discharged from South Georgia Medical Center in Valdosta, Georgia, on July 5, 2002, and was immediately transferred to the Lowndes County Detention Center. The medical records reflect initial orders from hospital physician Dr. Aguero for the plaintiff to receive Lortab, 5 mg, for pain. Once the hospital-provided supply of this pain medication was depleted, on or about July 8, 2002, the detention center records reflect a new order for Motrin, 800 mg, to be given to the plaintiff for pain. This order was signed by a physician and defendant Lewis. Defendant's Exhibit B, p. 2, 76. Beginning on the date of his arrival at the facility, July 5, 2002, the medical records reflect that the plaintiff was checked by medical staff every two (2) to four (4) hours and was given pain medication two (2) to three (3) times per day between July 5 and July 16. His dressings were checked daily and changed on average every other day during the first several days of his confinement at the Lowndes County Detention Center, and were checked

3

and changed as needed on a regular basis thereafter. Between July 5, 2002, and August 7, 2002, the time period detailed in the submitted medical records, medical staff checked on the plaintiff on a daily basis and frequently noted that the plaintiff had eaten 100% of his morning and afternoon meals. After his initial two (2) weeks of recovery at the facility, the medical records reflect that the plaintiff, upon review by medical staff, voiced no complaints, exhibited no distress, and was resting, eating and ambulating with little or no difficulty. Medical staff noted that the plaintiff's wounds were found to show continued signs of healing during the course of plaintiff's treatment, with dressings found to be dry and intact following the first week of plaintiff's confinement at the detention center. Although defendant Lewis does not reference any specifics of the plaintiff's medical treatment in her affidavit, she does state that "[a]t all times relevant to Plaintiff's complaint, I acted with the utmost diligence and due care in providing medical care to Plaintiff [and] . . . provided Plaintiff with full and complete services relative to his medical needs." Lewis affidavit at ¶¶ 4,5.

In his response to the defendant's summary judgment motion, the plaintiff states in his affidavit that "Cheryl Lewis did denie [sic] all pain medications perscribed [sic] by Dr. Arguero attending physician [and] did refuse to change bandages on a daily basis at which Dr. Arguero ordered." Scott affidavit at ¶¶ 1,2. The plaintiff also states that Lewis refused to provide the plaintiff with any assistance in showering or bathing, refused to provide assistance with meal trays and refused to provide any walking aids. Other than this affidavit, the plaintiff has provided no evidence to support his allegations of deliberate indifference.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth

4

evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

The court notes initially that the plaintiff has failed to submit any evidence showing that Nurse Lewis was subjectively aware of a serious risk of harm to the plaintiff. Although the plaintiff has provided his affidavit in rebuttal of the defendant's summary judgment motion, he has failed to point to or submit sufficient evidence to avoid the granting of summary judgment herein. The defendant has established, by means of the plaintiff's detailed medical records from the time period in question, that the plaintiff was in fact provided pain medication, wound care, including the changing of his wound dressing, and meals, which the plaintiff consumed, on a daily basis during the weeks following his transfer to the Lowndes County Detention Center. The discharge instructions provided for the plaintiff on July 5, 2002, upon his discharge from South Georgia Medical Center, indicate that the plaintiff was to "[p]rogress with ambulation touchdown weight bearing to left leg" and pain medication was to be provided "every 4 [hours], if needed for pain". Defendant's Exhibit B, p. 7. These discharge instructions, the only record of same submitted herein, do not reference any specific ongoing physical therapy requirements. These instructions do mention that the plaintiff should call for an appointment with the discharging physician in one week, but there is no indication that these instructions contemplated a patient such as the plaintiff, incarcerated with round the clock medical care and an on-site

physician.  The plaintiff, in an attempt to rebut the defendant's summary judgment showing, has done nothing more than reiterate the allegations of his complaint, and although he is represented by court-appointed counsel herein, he has failed to support his allegations with any additional evidence.  "To the extent that affidavits submitted in opposition to a motion for summary judgment merely reiterate allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge, they are insufficient." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000).

To the extent that the plaintiff argues that he required a different course of treatment, with daily bandage changing and continued use of the originally prescribed pain medication, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).  The plaintiff's medical records clearly establish that his wounds were checked daily, with bandages changed when necessary, and that he was provided pain medication when he exhibited or voiced signs of distress or pain.  Additionally, the records establish that he was in fact able to eat the food provided and do not reflect any inability on the plaintiff's part to reach the food trays.

Furthermore, to the extent that the plaintiff claims that some delay in the provision of treatment resulted in further injury, he has failed to submit any evidence to establish deliberate indifference.  "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." Hill v. DeKalb RYDC, 40 F.3d 1176, 1189 (11th Cir. 1994), *abrogated on other grounds*, Hope v. Pelzer, 536 U.S. 730 (2002).  "An inmate who

6

complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188.

Thus, the plaintiff has failed to show that the defendant, or the staff under her direction, acted with deliberate indifference to his serious medical condition or subjected him to unconstitutional conditions of confinement. Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of April, 2007.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb