## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**DENNIS D. SCOTT,**                         :
                                             :
    Plaintiff,              :
                                             :
    v.                      :      Civil Action No. 7:04-cv-36(HL)
                                             :
**SHIRLEY LEWIS, Owner/Operator,**   :
**Secured Health Care Service,**              :
                                             :
    Defendant.              :
_____

## ORDER

This matter is before the Court on the Recommendation (Doc. 57) of United States Magistrate Judge Richard L. Hodge, entered April 27, 2007. The Magistrate Judge recommends that the Motion for Summary Judgment of Defendant Shirley Lewis be granted. Plaintiff, Dennis D. Scott, who is represented by counsel, failed to file objections, as permitted by 28 U.S.C. § 636(b)(1).

A district court reviews a recommendation as to which no objection is made under a clearly erroneous standard. *See, e.g.,* Edwards v. Fisher, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006), Jackson v. Motel 6 Multipurposes, Inc., 172 F.R.D. 462, 465 (M.D. Fla. 1997). Under the clearly erroneous standard, a district court reviewing a magistrate judge's findings and recommendations should reject them if the district court has a definite and firm conviction that a mistake has been made. *See, e.g.,* Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 601 (D.N.J. 2002); Resolution Trust Corp. v. Fid. & Deposit Co., 885 F. Supp. 228, 229 (D. Kan. 1995). Reviewing this case under the foregoing standards, the Court rejects the

Recommendation of the Magistrate Judge.

Scott alleges that in 2002, when he was brought to the Lowndes County Detention Center after being hospitalized for gunshot wounds, Lewis failed to provide him with proper medical care. More specifically, Scott alleged that Lewis directed her staff to withhold all medical care and treatment for his wounds, resulting in infections and severe physical pain and discomfort. Scott further alleged that Lewis prohibited her staff from assisting with his meal trays, as a result of which he was unable to eat until he was strong enough to crawl in order to reach the meal trays.

In moving for summary judgment, Lewis provided her affidavit, in which she stated that Secured Health Care Services provided medical care to the inmates at the jail during the times relevant to Plaintiff's complaint. She further stated that she "acted with the utmost diligence and due care in providing medical care to Plaintiff," and that at all times she "provided Plaintiff with full and complete services relative to his medical needs." (Lewis Aff. ¶¶ 3-5.) Lewis also made Scott's medical records a part of the file. In responding to the Motion for Summary Judgment, Scott provided his own affidavit, in which he stated under penalty of perjury that, among other things, Lewis denied him pain medications, refused to change his bandages, refused to provide the follow-up treatment directed by his discharging doctor, refused to provide him with assistance in bathing and eating, and refused to provide him with physical therapy.

In recommending that Lewis's Motion for Summary Judgment be granted, the Magistrate Judge relied heavily on the medical records produced by Lewis. The records support Lewis's claim that Scott received the necessary medical treatment and pain medication, and that he

regularly received new bandages. The medical records also support Lewis's claim that Scott was seen regularly by medical staff, that he was healing well and that he was eating well. Relying on these records, the Magistrate Judge found that the medical records were sufficient to show that Scott was provided medication, wound care and meals. The Magistrate Judge also found that Scott's affidavit was insufficient to refute the showing made by Lewis in the medical records. In the Court's view, however, Scott's affidavit sets forth facts sufficient to show that there are genuine issues for trial, and the Magistrate Judge's decision to accept the statements contained in the medical records over the sworn affidavit of Scott amounts to an improper credibility determination.

In reaching this result, the Court is guided by the opinion of the United States Court of Appeals for the Eleventh Circuit in Perry v. Thompson, 786 F.2d 1093 (11th Cir. 1986). In Perry, the plaintiff alleged that he was beaten by two prison guards. In moving for summary judgment, the guards submitted affidavits in which they denied beating plaintiff and attached medical records showing that plaintiff complained of no injuries that day or the day after. In opposition to the motion for summary judgment, the plaintiff offered only his sworn affidavit, in which he restated the details of the beating that the officers inflicted on him. The district court granted summary judgment for the guards, concluding that the plaintiff had failed to counter the defendants' motion with anything more than a repetition of the allegations presented in his complaint. Id. at 1094.

The Eleventh Circuit reversed the grant of summary judgment to the guards, finding that the district court improperly made credibility choices. Id. at 1095. While noting the general

principle that "a plaintiff may not frustrate [the summary judgment] process by merely restating

legal conclusions that he has alleged," the court found that "[t]he foregoing principle has no

application in this case." Id. Instead, the appellate court concluded that with the filing of the

affidavits of the parties, "[w]hat was then before the court was a square, head-on dispute of

material facts." Id. The court thus found that in granting summary judgment for defendants, the

court rejected the sworn statements of the plaintiff and accepted the defendants' version of

events. Id.

More recently, in Miller v. Harget, 458 F.3d 1251 (11th Cir. 2006), the Eleventh Circuit,

citing to Perry, reaffirmed that "it is not proper to grant summary judgment on the basis of

credibility choices" and emphasized that the rule applies "[e]ven if the district court believes that

the evidence presented by one side is of doubtful veracity." Id. at 1256. In Miller, the defendant

argued that the plaintiff should not be allowed to "'create a factual dispute by simply denying

everything'" and asked the district court to disregard conflicting portions of the plaintiff's

testimony. Id. The district court, apparently following the defendant's request, granted summary

judgment for the defendant. The Eleventh Circuit upheld the grant of summary judgment on

different grounds, but cautioned the district court against making credibility determinations from

conflicting affidavits.

Medical records can be used to provide evidentiary support for a party's  position on a

disputed issue. However, a jury, or a judge sitting without a jury, is not bound by the statements

contained in the records and may choose to disregard them if it finds they are not credible or are

not consistent with a version of events that appears more credible. As a result, at the summary

judgment stage, medical records which are placed into evidence should be accorded no deference and no greater weight than any other evidence in the record. Thus, the medical records placed into evidence by Lewis in support of her Motion are entitled to no greater weight than Scott's declarations made under penalty of perjury, and a decision that accepts the veracity of the medical records over the sworn denials made by Scott is therefore based on improper credibility determinations.

In view of the foregoing, the Court finds that the Magistrate Judge clearly erred in concluding that Scott's affidavit failed to create jury issues with respect to the medical treatment he received. Scott's sworn statement that he did not receive pain medicine, wound care, or other care essential to a treatment of gunshot wounds immediately following his release from the hospital is sufficient to counter the affidavit statements of Lewis asserting that she provided due care and the medical records that she introduced into evidence in support of her contentions. Therefore, the Court rejects the Recommendation of the Magistrate Judge. Because the Magistrate Judge's findings were based primarily on the medical records offered by Lewis, the Court recommits this matter to the Magistrate Judge. The Magistrate Judge should reconsider Defendant's Motion for Summary Judgment in light of the other arguments offered and make such Recommendation on the Motion as he deems appropriate.

**SO ORDERED**, this the 12th day of June, 2007.


*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls