IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DENNIS D. SCOTT, :
:
    Plaintiff :
:
VS. : 7 : 04-CV-36 (HL)
:
SHIRLEY LEWIS, Owner/Operator, :
Secured Health Care Service, :
:
    Defendant. :

**RECOMMENDATION**

This matter is presently before the undersigned following the district court's rejection of the undersigned's April 27, 2007, recommendation and the remand of this matter for further consideration of Defendant's Motion for Summary Judgment. The plaintiff filed this action in April 2004, raising challenges to the conditions of his confinement and allegations of deliberate indifference to his medical condition while confined at the Lowndes County Detention Center between June 28, 2002 and December 11, 2004.

*Background*

According to the plaintiff's complaint, he was transferred to the Lowndes County Detention Center on or about June 28, 2002, with gunshot wounds in both legs and buttock that were inflicted by law enforcement officers during the plaintiff's attempt to evade arrest. The plaintiff maintains in his complaint and subsequently by means of his affidavit submitted in opposition to Defendant's summary judgment motion that once he arrived at the Lowndes County Detention Center, defendant Shirley Lewis, in her capacity as owner of Secure Health

Care Services, "ordered her charges and staff to withhold all medications and treatment for my wounds for extended periods of time, sometimes not changing my bandages or dressings from seven-7 to ten-10 days, thereby causing infectious bacteria to multiply, resulting in severe physical pain and discomfort and herrendous [sic] mental anguish on my person." Plaintiff's Statement of Claim. Plaintiff further contends that Lewis prohibited her staff from bathing him and from assisting him with his meal trays, which the plaintiff contends he could not reach from his bed. The plaintiff alleges that he was unable to retrieve the trays due to his inability to walk and the defendant's alleged refusal to provide any sort of walking aid, so that he was unable to eat until he "was strong enough to crawl so that I could reach my meal trays and nourish myself." Plaintiff's Statement of Claim.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

In its order remanding this matter to the undersigned, dated June 12, 2007, the district court found that "Scott's affidavit sets forth facts sufficient to show that there are genuine issues for trial, and the Magistrate Judge's decision to accept the statements contained in the medical

2

records over the sworn affidavit of Scott amounts to an improper credibility determination." Order at # 58, p. 3.  Based on this determination, the undersigned recommends that the Defendant's Motion for Summary Judgment be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of July, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE